UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ABIODUN ADELEKE,

                          Plaintiff,                    **MEMORANDUM & ORDER**
                                                                       20-CV-5224 (MKB)
                      v.

JAMES JOHNSON, Police Officer Badge #6118
and S. RIPP, Police Officer Badge #6614,

                          Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Abiodun Adeleke, proceeding *pro se* and currently incarcerated at Attica Correctional Facility in Attica, New York, commenced the above-captioned action on October 29, 2020, against Defendants Police Officers James Johnson (badge number #6118) and S. Ripp (badge number #6614), pursuant to 42 U.S.C. § 1983. (Compl., Docket Entry No. 1.) Plaintiff alleges that his Fourth Amendment right against unreasonable seizure and his Fourteenth Amendment right to procedural due process were violated when Defendants, both Suffolk County Police Department ("SCPD") officers, unlawfully seized his four cellular phones ("cell phones") on May 29, 2018. (*Id.* ¶¶ 5–21.) Plaintiff seeks an investigation into the SCPD, damages, and dismissal of the charges or convictions resulting from the seizure of his cell phones. (*Id.* ¶¶ 33–35.) The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

       For reasons set forth below, the Court denies Plaintiff's requests for post-conviction release and injunctive relief against Suffolk County, directs Plaintiff to file an amended complaint if he seeks to pursue a Fourteenth Amendment procedural due process claim, and

permits Plaintiff's claim for violation of his right against unreasonable seizure under the Fourth Amendment to proceed.

## I. Background

On May 19, 2018, in response to a radio call regarding possible trespassers at an abandoned house in Deer Park, New York, Officer Ripp stopped Plaintiff in the driveway of the house.[1] (*Id.* ¶ 5; SCPD Supplementary Report dated May 19, 2018 ("SCPD Report I"), annexed to Compl. as Ex. 2, Docket Entry No. 1-1.) Plaintiff presented his passport for identification and Officer Ripp found a "sublingual tab of suboxone" within its pages. (Compl. ¶ 6; SCPD Report I.) The officers arrested Plaintiff and charged him with criminal possession of a controlled substance in the seventh degree pursuant to New York Penal Law § 220.03. (Compl. ¶ 7.) Officer Ripp transported Plaintiff to the 1st Police Precinct for arrest processing and recorded Plaintiff's cell phone number. (*Id.* ¶ 8; SCPD Report I.) Plaintiff was found in possession of two cell phones during his arrest, one of which received text messages during arrest processing that stated: "how much for a half hour?" and "how much for a short stay?" (Compl. ¶¶ 9–10; SCPD Report I.) Officer Ripp contacted Officer Johnson (badge number 6118) of SCPD's Human Trafficking Investigations Unit regarding the text messages received on Plaintiff's cell phone. (Compl. ¶ 11.) The Complaint does not provide facts as to status of this charge or any resulting prosecution.

On May 29, 2018, an SCPD officer observed Plaintiff leave the Deer Park Motor Inn in Deer Park, New York, enter the driver's seat of a pick-up truck, and exit the parking lot onto Commack Road. (*Id.* ¶ 12; SCPD Supplementary Report dated May 29, 2018 ("SCPD Report

---

[1] The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order.

II"), annexed to Compl. as Ex. 3, Docket Entry No. 1-2.) The officer stopped Plaintiff's vehicle for failure to signal and arrested him following an investigation. (Compl. ¶ 12; SCPD Report II.) The officers transported Plaintiff to the 1st Police Precinct and charged him with misdemeanor criminal impersonation in the second degree pursuant to New York Penal Law § 190.25. (SCPD Report II.) At the precinct, it was "discovered that the SCPD Human Sex Trafficking Unit had flagged" Plaintiff. (SCPD Report II). Plaintiff was found in possession of four cell phones during his arrest, which were confiscated by Officer Johnson "against . . . Plaintiff's will." (Compl. ¶¶ 13–14; SCPD Report II.) A general receipt was issued to Plaintiff and Plaintiff's charge was assigned a "closed non-criminal" status. (SCPD Report II.)

Plaintiff alleges that Officer Ripp's reading of his text messages, Officer Johnson's seizure of his four cell phones "without a warrant[,] oath[,] or affirmation to do so," and the prosecutor's use of his "unlawfully seized" property constitute violations of his Fourth and Fourteenth Amendment rights. (Compl. ¶¶ 16–18, 30–32.) The Complaint does not detail ensuing charges or any resulting prosecution in which the cell phones were used.[2]

Plaintiff seeks the dismissal of any proceedings in New York state court subsequent to the seizure of the cell phones "even if such brought about a conviction," an investigation into SCPD for Officer Johnson's "illegal seizures," and twenty million dollars in damages. (*Id.* ¶¶

---

[2] The Court takes judicial notice of the records of the New York State Department of Corrections and Community Supervision, which indicate that Plaintiff is currently incarcerated pursuant to a sentence for sex trafficking and prostitution that was imposed in 2020. *See* New York State Department of Corrections and Community Supervision, Inmate Lookup, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (last visited December 21, 2020) (type Plaintiff's department identification number, 20A0506, in the "DIN" search field; then click submit); *see also Johnson v. City of New York*, No. 15-CV-8195, 2017 WL 2312924, at *2 n.2 (S.D.N.Y. May 26, 2017) ("The [c]ourt takes judicial notice of the state arrest warrant as a public record." (citing *Bryant v. Rourke*, No. 15-CV-5564, 2017 WL 1318545, at *3 (E.D.N.Y. Feb. 8, 2017))).

33–35.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see also Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (holding that courts must liberally construe papers submitted by *pro se* litigants "to raise the strongest arguments they suggest" (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994))); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally" (citing *Erickson*, 551 U.S. at 72)).

Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint or any portion of the complaint," if it is frivolous, malicious, or fails to

state a claim upon which relief may be granted. 28 U.S.C. 1915A; *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d. Cir. 2007).

### b. Plaintiff's request that the Court dismiss New York state court proceedings

Plaintiff seeks the dismissal of any proceedings in New York state court subsequent to the seizure of the cell phones "even if such brought about a conviction." (Compl. ¶ 34.)

To the extent Plaintiff seeks to challenge his state court conviction, he cannot utilize a section 1983 claim but must instead bring a petition for habeas corpus pursuant to 28 U.S.C. § 2254; a section 1983 claim is the improper means for Plaintiff to challenge his state court conviction.[3] *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (holding that a writ of habeas corpus "is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement"); *Kirkland v. Minihan*, No. 20-CV-8973, 2020 WL 6729409, at *3 (S.D.N.Y. Nov. 13, 2020) ("[The] [p]laintiff may not challenge the legality of his conviction in a [section] 1983 action; he can only obtain such relief by bringing a petition for a writ of habeas corpus."); *Crocker v. Bedford Hills Corr. Facility*, No. 19-CV-11401, 2020 WL 6263734, at *4 (S.D.N.Y. Oct. 23, 2020) (dismissing section 1983 claims by an incarcerated plaintiff because the claims could only be brought in a habeas corpus petition and the plaintiff could not establish favorable termination as required by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994)). The Court will not *sua sponte* convert this action into a petition for habeas corpus relief. *See Richardson v. Arshad*, No. 20-CV-5068, 2020 WL 4505672, at *3 n.3 (S.D.N.Y. Aug. 4, 2020) ("[C]onversion of a

---

[3] The Court notes that if Plaintiff seeks to bring a habeas corpus action to challenge his state court conviction, he must do so within a year of the finality of his judgment of conviction. *See Favourite v. Colvin*, 758 F. App'x 68, 69 (2d Cir. 2018) ("The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for filing a habeas corpus petition, which begins to run following . . . 'the date on which the judgment became final.'" (quoting 28 U.S.C. § 2244(d)(1)(A))); *Rembert v. Annucci*, No. 16-CV-7490, 2020 WL 7043616, at *8 (S.D.N.Y. Dec. 1, 2020) (same).

submission into a habeas corpus petition may restrict a petitioner's future attempts to seek habeas corpus relief." (citing *Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004))); *Taylor v. NYC*, No. 20-CV-5036, 2020 WL 4369602, at *2 (S.D.N.Y. July 30, 2020) ("In order to allow [the] [p]laintiff's civil rights claims to proceed expeditiously, the [c]ourt declines to recharacterize this application as [a habeas petition], and dismisses [the] [p]laintiff's claims seeking release from custody."). Accordingly, the Court dismisses Plaintiff's 1983 claim that he is being held in state custody in violation of his federal constitutional rights.[4]

    c. **Investigation of SCPD**

Plaintiff seeks an investigation into SCPD for Officer Johnson's "illegal seizures." (Compl. ¶ 33.) The Court liberally construes this claim as a section 1983 claim for injunctive relief against the municipality of Suffolk County because Plaintiff requests action from the municipality.

To establish a municipal liability claim, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Lucente v. County of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Frost v. New York City Police Dep't*, 980 F.3d 231, 258 (2d Cir. 2020) ("To establish liability under *Monell*, a

---

[4] The Complaint is unclear as to whether Plaintiff is in custody for the conviction that he seeks to challenge. Plaintiff can only challenge his conviction under a writ of habeas corpus if he is incarcerated as a result of the conviction that he seeks to challenge. *See Dhinsa v. Krueger*, 917 F.3d 70, 79 (2d Cir. 2019) (discussing that there is a 'non-waivable' requirement for federal habeas review that a court must "adjudicate a petition filed by an individual who is 'in custody' and who challenges the basis for that custody" (quoting *United States v. Rutigliano*, 887 F.3d 98, 104 (2d Cir. 2018))). In addition, Plaintiff has not alleged in the Complaint that he has exhausted his state remedies in accordance with 28 U.S.C. § 2254(b) and (c). *See Davila v. Davis*, 582 U.S. ---, ---, 137 S. Ct. 2058, 2064 (2017) ("[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court.").

plaintiff must show that he suffered the denial of a constitutional right that was caused by an official municipal policy or custom." (quoting *Bellamy v. City of New York*, 914 F.3d 727, 756 (2d Cir. 2019))). A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See O'Kane v. Plainedge Union Free Sch. Dist.*, 827 F. App'x 141, 143 (2d Cir. 2020) (failing to "take appropriate action to prevent or sanction violations of constitutional rights" amounting to deliberate indifference (quoting *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012)); *Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 55, 62 (2d Cir. 2014) (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones*, 691 F.3d at 81 (policymaking official's "express" or "tacit" ratification of low-level employee's actions).

"[U]nder *Monell*[,] municipal liability for constitutional injuries may be found to exist even in the absence of individual liability, at least so long as the injuries complained of are not solely attributable to the actions of named individual defendants." *Barrett v. Orange Cnty. Human Rights Comm'n*, 194 F.3d 341, 350 (2d Cir. 1999); *see also Rutigliano v. City of New York*, 326 F. App'x 5, 9 (2d Cir. 2009) (affirming that a "'municipality may be found liable under [section] 1983 even in the absence of individual liability' . . . only in very special

7

circumstances" (quoting *Barrett*, 194 F.3d at 350)).

Plaintiff fails to state a claim against Suffolk County because he does not allege any facts to support an inference that Suffolk County had an official policy or custom that caused a violation of any federally protected right. Accordingly, the Court dismisses Plaintiff's claims against Suffolk County for failure to state a claim.

### d. Fourth Amendment claim

Plaintiff alleges that he was deprived of his Fourth Amendment right against unreasonable seizures when Officer Johnson seized his four cell phones under the assumption that he was using the cell phones for human trafficking. (Compl. ¶¶ 19–21.)

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. "A search occurs when the Government acquires information by either 'physically intruding on persons, houses, papers, or effects,' or otherwise invading an area in which the individual has a reasonable expectation of privacy." *United States v. Ganias*, 755 F.3d 125, 133 (2d Cir. 2014) (quoting *Florida v. Jardines*, 569 U.S. 1, 5 (2013)). "A seizure occurs when the Government interferes in some meaningful way with the individual's possession of property." *Id.* (citing *United States v. Jones*, 565 U.S. 400, 407 (2012)). "[The] fundamental distinction between one's ordinary personal effects and one's personal electronic devices has persuaded the Supreme Court to accord broader constitutional protection when the police seize a person's 'smart' cell phone." *United States v. Smith*, 967 F.3d 198, 207 (2d Cir. 2020). As such, "police officers usually require a warrant to conduct a search" unless an exception applies. *United States v. Stacy*, 802 F. App'x 611, 613 (2d Cir. 2020) (citing *Gudema v. Nassau County.*, 163 F.3d 717, 722 (2d Cir. 1998)); *see also United States v. Mendez*, 315 F.3d 132, 137 (2d Cir. 2002) ("[T]he inventory

search constitutes a well-defined exception to the warrant requirement.").

The Court cannot determine from the allegations in the Complaint whether an exception to the warrant requirement applies to the seizure of Plaintiff's cell phones.[5] *See Hemingway v. Whidden*, No. 19-CV-1457, 2020 WL 5820596, at *5 (D. Conn. Sept. 30, 2020) (allowing Fourth Amendment claim to proceed where there were insufficient facts to suggest an exception to the warrant requirement applied when officers confiscated the plaintiff's cell phone). Accordingly, the Court refers Plaintiff's Fourth Amendment claim to Magistrate Judge Arlene R. Lindsay for pretrial supervision.

e. **Fourteenth Amendment claim**

Plaintiff states that he was deprived of his four cell phones in violation of his Fourteenth Amendment rights. (Compl. ¶¶ 16, 18.) The Court liberally construes the Complaint as asserting a procedural due process claim.

The Constitution imposes "constraints," ordinarily in the form of notice and a pre-deprivation hearing, on "governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause" of the Fifth and Fourteenth Amendments. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *see also Liberian Cmty. Ass'n of Connecticut v. Lamont*, 970 F.3d 174, 191 (2d Cir. 2020) (citing *Mathews*, 424 U.S. at 332). The

---

[5] Plaintiff's section 1983 claim is not clearly barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because the SCPD is not authorized to seize all property belonging to an individual who is detained for a crime. *See Domeneck v. City of New York,* No. 18-CV-7419, 2019 WL 5727409, at * 9 (S.D.N.Y. Nov. 5, 2019) ("[A] seizure of property may be unconstitutional even where the owner of that property has committed a crime."). Assuming that the Court were to find that the SCPD's seizure of Plaintiff's cell phones was unconstitutional, such a ruling would not "necessarily imply" that Plaintiff's human trafficking and prostitution convictions were invalid. *Heck*, 512 U.S. at 486; *see also Doe v. Bridgeport Police Dept.*, No. 03-CV-2167, 2000 WL 33116540, at *4 (D. Conn. Nov. 15, 2000) ("A plaintiff may bring a [section] 1983 action for an unreasonable warrantless search.").

Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty or property without due process of law, and "those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (internal quotation marks omitted) (quoting *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012)). A court first asks "whether there exists a liberty or property interest of which a person has been deprived," and if so, "whether the procedures followed by the State were constitutionally sufficient." *Id.* (internal quotation marks omitted) (quoting *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). "In evaluating what process satisfies the Due Process Clause, 'the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees.'" *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (quoting *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996)). "When the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides [a] meaningful post-deprivation remedy." *Id.*

Plaintiff was arrested, processed, and provided a receipt for the cell phones taken from him when he was taken into custody by the SCPD. (Compl. ¶¶ 12–14; SCPD Report II.) Although Plaintiff was deprived of his property, the Complaint does not detail whether the cell phones were returned or provide facts that enable the Court to determine whether Plaintiff received sufficient process with regard to the seizure. Accordingly, based on the facts alleged, Plaintiff fails to state a Fourteenth Amendment claim.

    f. **Leave to amend**

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty days of the date of this Memorandum and Order. To the extent that

Plaintiff seeks to pursue a Fourteenth Amendment procedural due process claim, Plaintiff must allege facts that support the claim. If Plaintiff amends the Complaint within thirty days, the amended complaint will completely replace the original Complaint. That is, the amended complaint must stand on its own without reference to the original Complaint and must contain all of the claims Plaintiff seeks to pursue. If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and include the same docket number as this Memorandum and Order.

### III. Conclusion

For the reasons set forth above, the Court denies Plaintiff's requests for post-conviction release and injunctive relief against Suffolk County and directs Plaintiff to file an amended complaint within thirty days should he wish to pursue a Fourteenth Amendment claim. The action shall proceed as to Plaintiff's Fourth Amendment claim.

The Court directs the Clerk of Court to issue summonses against Officers Johnson and Ripp, and directs the United States Marshals Service to serve the Summonses and Complaint on Officers Johnson and Ripp without prepayment of fees. The Clerk of Court is also directed to send a copy of this Memorandum and Order to the Plaintiff and to the Suffolk County District Attorney.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and *in forma pauperis* status is

therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: December 23, 2020
       Brooklyn, New York

                                          SO ORDERED:

                                                s/ MKB
                                          MARGO K. BRODIE
                                          United States District Judge